```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
STEPHEN RICCIO,                                              :
                                                             :
                              Plaintiff,                     :   REPORT AND RECOMMENDATION
                                                             :   21 Civ. 1136 (WFK) (VMS)
        -against-                                            :
                                                             :
ANDREW M. SAUL,                                              :
                                                             :
                              Defendant.                     :
------------------------------------------------------------ x
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Stephen Riccio ("Plaintiff") brought this action before this Court seeking the review and reversal of the Social Security Administration's (the "SSA") denial of Plaintiff's and his derivative beneficiary's October 23, 2015 application for Social Security Disability ("SSD") benefits under Title II of the Social Security Act for the period from July 30, 2015 through January 18, 2020 (the "Application"). See generally, Compl. ECF No. 1. Plaintiff filed two civil complaints, one in the civil action Riccio v. SSA, 19 Civ. 4086 (BMC), and another in the present action, see ECF No. 1 ¶¶ 13-18. As a result of the two actions and resulting remands to the SSA, Plaintiff was awarded significant back pay benefits for himself and his auxiliary beneficiary.

Before this Court is Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). See ECF Nos. 18-20, 26 & 29. Plaintiff moves for the Court to (1) approve the two contingency-fee agreements entered by and between Plaintiff and his counsel Christopher James Bowes for the civil actions whereby Plaintiff agreed to pay to counsel 25% of past-due benefits payable to him and his daughter; and (2) direct the SSA to pay attorneys' fees of $29,500.50 out of the past-due [SSD] benefits payable to Plaintiff for the period of January 2016 through September 2019, and to pay attorneys' fees of $14,893.00 out of the past-due SSD benefits payable to Plaintiff and to his daughter for the same period, for a total of $44,393.50. See ECF No. 18 at 1-2.

1

For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion for attorneys' fees at ECF No. 18 be (1) granted such that Plaintiff's counsel receive from the SSA a total of $44,393.50 in attorneys' fees to be paid from Plaintiff's and his daughters' past-due SSD benefits; and (2) granted such that Plaintiff's counsel reimburse Plaintiff in the total amount of $12,933.84, corresponding to the Equal Access to Justice Act (the "EAJA") attorneys' fees that counsel was previously awarded for his work in the two actions. To the extent that Plaintiff's submission can be read to suggest that the SSA pay Plaintiff's counsel's fees from a source other than Plaintiff's and his daughter's past-due SSD benefits, which Defendant suggests but which the Court does not believe to be Plaintiff's intention, the Court respectfully recommends that such request be denied.

## I. BACKGROUND

### A. Administrative Proceedings

After receiving an adverse decision on his SSD benefits application, Plaintiff retained Christopher James Bowes as counsel to challenge the final administrative decision before a civil court. See id. ¶ 9. Plaintiff entered into a first retainer agreement whereby Plaintiff agreed to pay attorneys' fees equivalent to 25% of the past-due SSD benefits payable to him and his daughter as beneficiary as legal fees upon securing a favorable determination (the "2019 Agreement"). See ECF No. 19 ¶ 10 & Exh. A. Plaintiff commenced an action in this Court, Riccio v. Berryhill, 19 Civ. 4086 (BMC) ("Riccio I"). After Plaintiff commenced motion practice in Riccio I, see ECF Nos. 11-12, the parties stipulated to an order of remand, see Riccio I, ECF Nos. 14, 16-17. Plaintiff moved for attorneys' fees pursuant to the EAJA, 28 U.S.C. § 2412, and settled the fee motion for $7,500.00. See id., ECF Nos. 18-22. In late 2020, Plaintiff received another adverse decision as to the period of time that he was disabled and as to which back benefits should be paid. See Riccio v. Saul, ECF Nos. 1 ¶ 17 & 19 ¶ 10. Plaintiff retained

2

Christopher James Bowes as counsel to commence an action challenging this. See id. ECF No. 1 & 19 ¶ 18. Plaintiff entered into a retainer agreement whereby Plaintiff agreed to pay attorneys' fees equivalent to 25% of the past-due benefits payable to him and his daughter as his auxiliary beneficiary upon securing a favorable determination (the "2021 Agreement"). See id., ECF No. 29, Exh. C.

### B. Civil Proceedings

Plaintiff commenced this action requesting the review and reversal of the November 2020 decision. See generally ECF No. 1 ¶ 1. Plaintiff's counsel served his motion for judgment on the pleadings, after which the parties filed a joint motion to remand the matter to the SSA, which was granted. See Riccio v. Saul, 21 Civ. 1336 (WFK) (VMS) ("Riccio II"), ECF Nos. 10, 13-15.

By Notice of Award dated July 27, 2022, the SSA notified Plaintiff of the lump sum award that he would receive for past-due SSD benefits payable to him through June 2022 followed by monthly checks due on or about the third of each month. See ECF No. 19, Exh. E. By Notice of Award dated July 27, 2022, the SSA notified Plaintiff's daughter that she was no longer entitled to SSD benefits beginning August 2021 but that she would receive a lump sum payment for past-due SSD benefits from January 2016 "because [the SSA] changed the month [her] benefits start to January 2016" based on her father's entitlement to disability benefits. ECF No. 19, Exh. F. The SSA's notices of award specified that the SSA would withhold 25% of Plaintiff's past-due benefits, or $29,500.50, and 25% of Plaintiff's daughter's benefits, or $14,893.00, for payment of attorneys' fees. See id., Exhs. E & F. Plaintiff's counsel thus seeks attorneys' fees in a total of $44,393.50 ($29,500.50 + $14,893.00), less the total amount of counsel's previously received EAJA fees under the 2019 and 2021 Agreements. See ECF No. 19 ¶ 28.

3

### C. Plaintiff's Motions For Attorneys' Fees

Following receipt of the 2022 notices of award, in which Plaintiff was informed of his back benefit payments, see Riccio II, ECF No. 19, Exhs. E & F, Plaintiff timely filed two motions for attorneys' fees before this Court, one pursuant to the EAJA (the "EAJA Motion"), and another pursuant to 42 U.S.C. § 406(b) (the "Section 406(b) Motion"). See ECF Nos. 16 & 18.

#### 1. Plaintiff's EAJA Motion

Under Plaintiff's EAJA Motion, Plaintiff's counsel requested an amount of $5,712.84 in attorneys' fees for work performed from November 18, 2020 through August 10, 2020, and expenses in the amount of $21.00. See ECF Nos. 16 & 17 ¶ 24. On December 2, 2022, the parties filed a joint stipulation for approval of attorneys' fees whereby Defendant agreed to pay to Plaintiff's attorneys' fees "in the amount of $5,412.34, and expenses in the amount of $21.00, pursuant to the [EAJA], in full satisfaction of any and all claims under the EAJA. The attorney[s'] fees may be paid to Plaintiff's counsel since Plaintiff agreed to assign the fees to counsel, and provided that Plaintiff owes no debt to the Federal Government that is subject to offset under the U.S. Treasury Offset Program." ECF No. 23. The District Court so-ordered the stipulation, for the total requested amount of $5,433.84 ($5,412.84 + $21.00 = $5,433.84). See ECF No. 24.

#### 2. Plaintiff's Section 406(b) Motion

Plaintiff's Section 406(b) Motion is the subject of this report and recommendation. Under this motion, Plaintiff moves for approval of the 2019 and 2021 Agreements, pursuant to 42 U.S.C. § 406(b). See ECF No. 19 ¶ 2. He also requests approval of the attorneys' fees requested. See id. ¶ 40. Plaintiff's counsel claims that these attorneys' fees are reasonable in light of his time records, which indicate that counsel spent "a total of 40.1 hours in the 2019 action and 26.1 [hours] in this civil action, for a total of 66.2 hours of attorney time." Id. ¶ 29 & Exh. B; ECF No.

4

29, Exh. D.  Plaintiff's counsel claims he is entitled to a contingent attorney fee of $44,393.50, which reflects 25% of the past-due benefits payable to Plaintiff and his daughter for the period from January 2016 through September 2019.  See id. ¶¶ 13, 28.

As noted above, the parties had settled Plaintiff's counsel's EAJA fees motion in Riccio I under the 2019 Agreement for $7,500.00, see Riccio I, ECF No. 21, 22.  In the present action, the parties have agreed by so-ordered stipulation that Plaintiff's counsel was entitled to $5,433.84 in EAJA attorneys' fees.  See Riccio II, ECF Nos. 23 & 24.  Were Plaintiff's counsel to receive both the EAJA fees and the 25% fee based on the 2019 and 2021 Agreements, counsel would receive a partial double payment, which is not permitted.  Thus, Plaintiff requested that the Court order payment of the Section 406(b) fees less the total EAJA award once the total amount of the EAJA fees were determined.  See ECF No. 29 ¶¶ 28, 42.

Defendant filed a response to Plaintiff's Section 406(b) Motion.  See ECF No. 26.  Although Defendant does not oppose an award in the amount of $44,393.50, which Plaintiff requests as attorneys' fees, Defendant requests "that the Court order . . . decline to include language directing that the Commissioner 'pay' the award."  ECF No. 26 at 2.  Because this Court previously "awarded $5,412.34[1] [sic] in attorney's [sic] fees under the [EAJA],[2] which unlike Section 406(b) fees, are paid from a source other than a claimant's past-due benefits," id. at 1, Defendant "requests that the Court specifically indicate that any amount it authorizes in Section 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy."  Id. at 2.  Defendant also "requests that the Court direct Plaintiff's counsel to reimburse Plaintiff any

---

[1] Although, Plaintiff's Motion erroneously states that the awarded attorneys' fees amount $5,412.34, see ECF No. 26 at 1, the parties' and the Court's so-ordered stipulation awarded counsel's EAJA fees in the amount of $5,412.84.  See ECF Nos. 23 & 24.

[2] The District Court also so-ordered that Plaintiff's receive "expenses in the amount of $21," pursuant to the EAJA.  ECF No. 24 at 1.

fees previously received under the EAJA, 28 U.S.C. § 2412, in its order resolving Plaintiff's Section 406(b) [Motion]" on the basis that "[w]hen an attorney receives fees under both the EAJA and Section 406(b), the attorney must refund the smaller fee awarded to the claimant." Id. at 3.

Despite Defendants' expressed concern as to the source of funds, Plaintiff's counsel did not request that Defendant pay any Section 406(b) fees from any source other than from the 25% of Plaintiff's past-due benefits (assuming that amount was greater than the EAJA award), and Plaintiff's counsel has acknowledged the credit due against any EAJA fees already received. The Court views Plaintiff's decision not to file a reply to Defendant's response as confirmation that Plaintiff agrees with Defendant's description of the payment source.

The Court will now turn to the reasonableness of Plaintiff's counsel's requested attorneys' fees and how such fees are to be paid under Section 406(b).

## II. DISCUSSION

### A. Legal Standard

In connection with SSD benefits, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]" 42 U.S.C. § 406(b)(1)(A). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (footnote omitted).

"The effect of the provision, which was originally passed in 1965, is threefold: it fixes a maximum percentage for contingent fees of twenty-five percent; it permits recovery of such fees

6

only out of past due benefits; and it requires court approval for whatever amount of such fees should be paid." Fields v. Kijakazi, 24 F.4th 845, 852 (2d Cir. 2022) (internal quotation & alterations omitted). "When considering a fee application under section 406(b), 'a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations.'" Yamile B. S. v. Comm'r of Soc. Sec. Admin., No. 19 Civ. 00155 (SALM), 2022 WL 1115099, at *2 (D. Conn. Apr. 14, 2022) (finding the terms of plaintiff's counsel's retainer agreement to be reasonable where the agreement provided that counsel's attorneys' fees would amount to no more than 25% of the plaintiff's past-due SSD benefits) (citing & quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)); see Fields, 24 F.4th at 852-53 (the district court may reduce the amount called for by the contingency-fee agreement only when it finds the amount to be unreasonable).

"When determining the reasonableness of a fee sought pursuant to section 406(b), the Court considers the following factors: '(1) whether the requested fee is out of line with the 'character of the representation and the results the representation achieved;' (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether 'the benefits awarded are large in comparison to the amount of the time counsel spent on the case.'" Yamile B. S., 2022 WL 1115099, at *2 (citing & quoting Sama v. Colvin, No. 10 Civ. 01268 (VLB) (TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014)); see Virgil v. Comm'r of Soc. Sec., No. 19 Civ. 1473 (PKC), 2022 WL 203675, at *2 (E.D.N.Y. Jan. 24, 2022) (same). "When analyzing this third factor, the [c]ourt should consider: (1) 'the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less

7

specialized or less well-trained lawyers might take far longer to do[,]'; (2) 'the nature and length of the professional relationship with the claimant — including any representation at the agency level[,]'; (3) 'the satisfaction of the disabled claimant[,]; and (4) 'how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result.'" Yamile B. S., 2022 WL 1115099, at *2 (citing & quoting Fields, 24 F.4th at 854-55); see Walsh v. Comm'r of Soc. Sec., No. 17 Civ. 5465 (WFK), 2022 WL 4079588, at *3 (E.D.N.Y. Sept. 6, 2022) (finding that counsel's representation of the plaintiff was "efficient and effective" where counsel spent 44.4 hours on the plaintiff's case). "In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371.

### B. Analysis

#### 1. Counsel's Requested Attorneys' Fees Are Reasonable

On July 27, 2022, the SSA notified Plaintiff of the lump sum he would receive for past-due SSD benefits payable to him through June 2022 followed by monthly checks due on or about the third of each month. See ECF No. 19, Exh. E. On that same day, the SSA issued a notice of award to Plaintiff's daughter advising her of the lump sum payment for past-due SSD benefits from January 2016 that she would receive. ECF No. 19, Exh. F. The SSA's notices of award specified that the SSA would withhold 25% of Plaintiff's past-due benefits, or $29,500.50, and 25% of Plaintiff's daughter's benefits, or $14,893.00, for payment of attorneys' fees. See ECF No. 19, Exhs. E & F. Plaintiff's counsel thus seeks fees in a total of $44,393.50 ($29,500.50 + $14,893.00), less the total amount of counsel's previously received EAJA attorneys' fees under the 2019 and 2021 Agreements. See ECF No. 19 ¶ 28.

Plaintiff's counsel's request is consistent with the retainer agreements between Plaintiff and counsel. See ECF No. 29, Exh. A & C. The 2019 and 2021 Agreements each provide that, in

8

the event that Plaintiff were to succeed in obtaining SSD benefits, either from this Court or from the SSA following this Court's remand of the case before the SSA, Plaintiff would pay counsel the equivalent of twenty-five percent of his and his auxiliary beneficiary's disability award or past-due benefits.[3]  See ECF No. 19, Exhs. A & C.  The language in the 2019 and 2021 Agreements appears reasonable, "as the 25% fee it provides for is a standard contingency fee in Social Security cases." Besignano v. Berryhill, No. 12 Civ. 6123 (DLI), 2017 WL 1319817, at *2 (E.D.N.Y. Apr. 6, 2017) (citing Gisbrecht, 535 U.S. at 803) (finding that attorneys and clients typically enter into contingent-fee arrangements specifying that the fee will be 25% of any past-due benefits).

Applying the Second Circuit's four factors to determine the reasonableness of the attorneys' fees sought by Plaintiff's counsel, see Fields, 24 F.4th at 854-55, the Court first finds that there is no evidence that the proposed fees are out of line with the "character of the representation and the results the representation achieved." Sama, 2014 WL 2921661, at *2; see Yamile B. S., 2022 WL 1115099, at *2.  Here, counsel achieved a very favorable result for Plaintiff by helping him and his daughter obtain past-due SSD benefits, which likely would not have been possible without counsel's efforts before the District Court.  See Yamile B. S., 2022 WL 1115099, at *2. Plaintiff and his daughter recovered significant past-due benefits in 2022, almost seven years after he filed his application and only after Plaintiff's counsel filed two lawsuits and negotiated two remands on consent.  See ECF No. 19, Exhs. E & F.

Second, Plaintiff's counsel's time records show that he performed work for about a year under the 2019 Agreement, and from November 18, 2020 through August 10, 2022 under the

---

[3] Although the 2019 Agreement relates to work performed in a different civil case, the Court reviews the Agreement and fee request under Section 406(b) in this case because the Agreement was not reviewed in the prior case and only EAJA fees, not Section 406(b) fees, were awarded in that case.  See Riccio I, 19 Civ. 4086 (BMC).

9

2021 Agreement. See ECF No. 19, Exh. B & ECF No. 29, Exh. D; see generally Riccio I docket & Riccio II docket. A review of the time records and the dockets shows that Plaintiff's counsel was efficient and effective, and nothing in counsel's time records or in the Parties' respective submissions suggests that counsel unreasonably delayed the proceedings to increase the accumulation of benefits and increase his fee. See ECF No. 19, Exh. B & ECF No. 29, Exh. D. Instead, he brought to a successful close a disability benefit process of almost seven years.

Third, the Court considers whether "the benefits awarded are large in comparison to the amount of the time counsel spent on the case." Sama, 2014 2921661, at *2 (quotation marks omitted), with the expansion of factors described in Yamile B. S.

The Court first considers Plaintiff's counsel's level of experience. Counsel graduated law school in June 1994 and has over 25 years of experience litigating Social Security cases at the administrative level and in federal court. See ECF No. 19 ¶ 37. Counsel has "represented claimants in over 1,000 civil actions in district court challenging the final determination of the Commissioner of Social Security with respect to disability and non-disability determinations. [Counsel] represented over 2,000 claimants at administrative hearings before the Social Security Administration." Id.

The Court then reviews the work performed. Counsel's time records for work performed under the 2019 Agreement show a total of 40.1 hours of work. See ECF No. 19, Exh. B. The tasks performed included drafting and filing the complaint in the civil case Riccio v. SSA, 19 Civ. 4086 (BMC), reviewing the SSA's filings and decisions in relation to the case, and drafting facts and arguments for Plaintiff's memorandum of law in that case. See id. As to counsel's work under the 2021 Agreement, which was performed in the present case, counsel's time records show a total of 26.1 hours of work. See ECF No. 29, Exh. D. The tasks performed include drafting and filing the Complaint in this matter, performing detailed reviews of the administrative filings and

10

decisions, and drafting the motions. See id. Counsel's time records indicate that he spent a total of 66.2 hours working on Plaintiff's case (40.1 + 26.1 = 66.2). See ECF No. 19 ¶ 29 & Exh. B; ECF No. 29, Exh. D.

Although counsel represented Plaintiff on a contingency-fee basis, counsel's time records estimate his hourly fees to amount to $208.83, $211.73, $212.4, $219.45, $225.35 and $232.16. See ECF No. 29, Exhs. B & D. Plaintiff's counsel states that in his cases in which the result of litigation would not achieve payment of past-due benefits or where his fees are non-contingent, such as overpayment cases or benefit termination cases where representation proceeds on a non-contingent-fee basis under a fee petition, counsel works for an hourly rate of $450.00. See ECF No. 19 ¶ 39. In this case, 25% of the past-due benefits award is $44,393.50; when divided by the total number of hours of 66.2, the hourly rate calculation is $670.59. This effective rate is within the range of reasonable hourly rates approved in similar contingency fee cases. See Sama, 2014 WL 2921661, at *4 (approving Section 406(b) fee award at an effective hourly rate of $785.30); Destefano v. Astrue, No. 5 Civ. 03534 (NGG), 2008 WL 623197, at *6 (E.D.N.Y. Mar. 4, 2008) (approving Section 406(b) fee award with an hourly rate of $849.09), report & recommendation adopted, 2008 WL 2039471 (E.D.N.Y. May 9, 2008). This rate reflects an approximate multiplier of 1.5 on Plaintiff's counsel usual $450.00 rate, which is also reasonable.

Certainly, Plaintiff's counsel achieved a very good result for Plaintiff and his beneficiary, with them ultimately receiving back benefits for the entire period of claimed disability. Particularly notable is that the ultimate success was achieved by an agreed-upon remand order in which the Court ordered the SSA to "issue a fully favorable decision" for the contested back-benefits period. Riccio II, ECF Nos. 14 & 15. The client achieved complete success, but only with counsel's assistance.

This Court respectfully recommends that the 2019 and 2012 Agreements with the 25% arrangement be approved as reasonable such that Plaintiff's counsel's requested attorneys' fees be granted in the total amount of $44,393.50 and that these fees be paid directly to Plaintiff's counsel by Defendant out of Plaintiff's and his daughter's past-due SSD benefits pursuant to Section 406(b).[4]  No payment need be made from any other source of funds.

### 2. Counsel Must Refund The EAJA Fees To Plaintiff

Defendant requests that "the Court direct Plaintiff's counsel to reimburse Plaintiff any fees previously received under the EAJA, 28 U.S.C. § 2412, in its order resolving Plaintiff's Section 406(b) fee petition." ECF No. 26 at 3.  Plaintiff's counsel does not oppose this request. "EAJA is a fee-shifting provision that allows for limited attorney's [sic] fees payable by the United States to the prevailing party where the position of the United States was not 'substantially justified.'" Fields, 24 F.4th at 850 n.4 (citing 28 U.S.C. § 2412(d)(1)(A)). "Although fees are permitted under both the EAJA and Section 406(b), "the claimant's attorney must refund to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796 (internal citation & quotation marks omitted); see Bluet v. Comm'r of Soc. Sec., No. 19 Civ. 6323 (PKC), 2022 WL 160267, at *2 (E.D.N.Y. Jan. 18, 2022) ("[I]f fee awards are made to a claimant' attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee."); Lugo v. Comm'r of Soc. Sec., No. 18 Civ. 2179 (JGK) (RWL), 2020 WL 13832737, at *1 (S.D.N.Y. Feb. 26, 2020) (where "an attorney's [sic] fees award under Section 406(b) exceeds the EAJA funds received, then the claimant's attorney must refund to the claimant the amount of the smaller

---

[4] The SSA's July 27, 2022 notices of award to Plaintiff and his daughter specified that the SSA would withhold 25% of Plaintiff's past-due benefits, or $29,500.50, and 25% of Plaintiff's daughter's past-due benefits, or $14,893.00, for payment of attorneys' fees. See ECF No. 19, Exhs. E & F.  Plaintiff's counsel is thus entitled to $44,393.50 in attorneys' fees ($29,500.50 + $14,893.00 = $44,393.50) less the total amount of counsel's previously received EAJA attorneys' fees under the 2019 and 2021 Agreements.

12

fee.  In other words, there is a dollar-for-dollar offset of any 42 U.S.C.[§]406(b) fee by an EAJA award."); Besignano, 2017 WL 1319817, at *2 (finding that because the plaintiff's counsel recovered $7,600.00 in attorneys' fees under the EAJA, counsel must return that amount to the plaintiff from the payment awarded under Section 406(b)).

In Riccio I, the parties settled Plaintiff's counsel's EAJA fees for $7,500.00.  See ECF No. 19 ¶ 13.  In the present case, the District Court so-ordered the stipulation as to an EAJA award in the total amount of $5,433.84 in attorneys' fees and costs.  See ECF No. 24.  For the reasons set forth above, this Court respectfully recommends that Plaintiff's counsel be directed to reimburse Plaintiff for the EAJA fees previously received in the total amount of $12,933.84 ($7,500.00 + $5,433.84 = $12,933.84).

### III.  CONCLUSION

Accordingly, this Court respectfully recommends that Plaintiff's counsel Section 406(b) motion be (1) granted such that Defendant remit to Plaintiff's counsel a total of $44,393.50 in attorneys' fees to be paid only from Plaintiff's and his daughter's past-due SSD benefits;[5] and (2) granted such that Plaintiff's counsel must reimburse Plaintiff in the total amount of $12,933.84, corresponding to the EAJA fees that counsel previously received for his work in this action.  No funds need be paid by the SSA from any other source for attorneys' fees.

### IV.  OBJECTIONS

This report and recommendation will be filed electronically.  Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14)

---

[5] The SSA's July 27, 2022 notices of award to Plaintiff and his daughter specified that the SSA would withhold 25% of Plaintiff's past-due benefits, or $29,500.50, and 25% of Plaintiff's daughter's past-due benefits, or $14,893.00, for payment of attorneys' fees.  See ECF No. 19, Exhs. E & F.  Plaintiff's counsel is thus entitled to $44,393.50 in attorneys' fees ($29,500.50 + $14,893.00 = $44,393.50) less the total amount of counsel's previously received EAJA attorneys' fees under the 2019 and 2021 Agreements.

13

days of service of this report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any request for an extension of time for filing objections must be directed to the District Judge prior to the expiration of the fourteen-day period for filing objections.  Failure to file objections within fourteen days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.  See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022) (stating that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate [judge]'s recommended decision, it waives any right to further review of that decision") (internal citation & quotations omitted).

Dated: Brooklyn, New York
       September 11, 2024

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge